UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHANA WADE, | ] |
| Plaintiff, | ] |
| vs. | ] No. 09-CV-1225 |
| MORTON BUILDINGS, INC. | ] Judge Michael M. Mihm |
| Defendant. | ] |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

Plaintiff, Shana Wade, by her attorneys, ALCORN KARLIN LLC, for her Response to Defendant's Motion to Dismiss Complaint, states as follows:

1. Citing what the Seventh Circuit has called the "citation du jour,"[1] Defendant's Rule 12(b)(6) motion invites an expensive, academic exercise of whether Plaintiff's simple, non-complex claims include enough facts to be "plausible."

2. It is disingenuous for Defendant to assert, expressly or implicitly, that it cannot begin to investigate and prepare a defense to the Complaint with the information it has. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

3. In *Bennett v. Schmidt*, 153 F.3d 518, 518 (7th Cir. 1998) (reaffirmed

---

[1] See *Smith v. Duffey*, 576 F.3d 336, 339 (7th Cir. 2009)(*Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), is fast becoming the citation du jour in Rule 12(b)(6) cases).

1

by *Tamayo*, after *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)), the Seventh Circuit states "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving – if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment."

4.  In resolving a motion under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and consider the facts in the light most favorable to the plaintiff.  *Americanos v. Carter,* 74 F.3d 138, 140 (7th Cir.1996).

5.  The plaintiff must, nevertheless, allege sufficient factual material to suggest plausibly that he is entitled to relief.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  In *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court made it clear that this standard applies in all civil cases.  Of course, the type of facts that must be alleged in the complaint depend upon the legal contours of the type of claim being alleged.  *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 782 (7th Cir. 2007).  Where conspiracy, antitrust or immunity are at issue, the Seventh Circuit will require a higher level of factual specificity to plead a plausible claim.  *Cooney v. Rossiter*, ___ F.3d ___, 2009 WL 3103998, p. 3 (7th Cir. 2009)

6.  Assuming a plausible claim is stated, the ultimate question is whether the complaint gives the defendant "sufficient notice to enable him to

begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

7. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), the Supreme Court retired "the oft-quoted *Conley* formulation." *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618-19 (7th Cir. 2007) (quoting *Bell Atlantic,* 127 S.Ct. at 1968 (quoting *Conley v. Gibson,* 355 U.S. 41,45-46, 78 S.Ct. 99 (1947)).

8. However, the Supreme Court and the Seventh Circuit have been clear in stating that the *Twombly* decision "must not be overread". *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008).

9. Discussing *Twombly,* the Seventh Circuit in *Tamayo* reiterates that no new heightened pleading standard has been established, explaining:

> Although the opinion contains some language that could be read to suggest otherwise, the Court in *Bell Atlantic* made clear that it did not, in fact, supplant the basic notice-pleading standard. *Bell Atlantic,* 127 S.Ct. at 1973 n. 14 (expressly disclaiming the establishment of any "heightened pleading standard"); *see also Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466-67 (7th Cir.2007) (noting that notice-pleading is still all that is required); *Limestone,* 520 F.3d at 803 (same). A plaintiff still must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang,* 249 Fed.Appx. at 466 (citing *Bell Atlantic,* 127 S.Ct. at 1964) (internal quotation marks and ellipses omitted).  *Tamayo*, 526 F.3d at 1082-83.

10. Explaining the *Twombly* and *Iqbal,* standard, the Seventh Circuit in *Bissessur v. Indiana University Board of Trustees*, ___ F.3d. ___, 2009 WL 2902076 (7th Cir., Sept. 11, 2009) states as follows:

Under the standard set forth in *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)* and affirmed in *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), [plaintiff's] complaint fails to contain enough information to state a legally cognizable claim. In *Twombly,* the Supreme Court held that a complaint stating only "bare legal conclusions," even under notice pleading standards, is not enough to survive a Rule 12(b)(6) motion. *Id. at 547, 127 S.Ct. 1955*. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff has the obligation to provide the factual "grounds" of his entitlement to relief (more than "mere labels and conclusions"), and a "formulaic recitation of a cause of action's elements will not do." *Id.* The complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Id**. at 557, 127 S.Ct. 1955*; *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. This said, in examining the facts and matching them up with the stated legal claims, we give "the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994) (citations omitted).

11. This "plausibility" requirement is a very new iteration of the notice pleading standard. It is clear that the Seventh Circuit is wrestling with what it means. See *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 782 (7th Cir. 2007). Very few cases exist to assist the Court in applying the standard or to assist counsel in reasoning by analogy that any particular complaint meets or falls short of the newly fashioned standard. This makes it difficult, because "[i]t is rarely proper to draw analogies between complaints alleging different sorts of claims; the type of facts that must be alleged depend upon the legal contours of the claim." *Concentra,* 496 F.3d at 782.

12. However, at bottom, as stated in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

13. That said, Plaintiff respectfully submits that Defendant's Motion to Dismiss asks this Court to "overread" *Twombly* and *Iqbal*. All Counts of Plaintiff's Complaint meet the standard, pleading enough facts to give notice to Defendant of the gravamen of her plausible claims, but not pleading herself out of court. None of the Counts should be dismissed. The Court exercising its common sense and judicial experience can certainly conclude that Plaintiff's Complaint contains a sufficiently thorough recitation of the grounds for her claims that that they are plausible and Defendant can reasonably be expected to begin investigating and preparing a defense to those claims. None of Plaintiff's claims involve antitrust, a conspiracy or give rise to an immunity defense.

14. Defendant argues that Plaintiff's Complaint sets forth only bare legal conclusions which should not be accepted as true.

15. One aspect of the new notice pleading standard seems to be particularly vague: That is, what is a "fact" and what type of allegation will be considered a "bare legal conclusion" or "naked assertion" unworthy of being accepted as true. Defendant's Memorandum of Law seems to wallow in this issue.

16. Defendant characterizes Plaintiff's recitation of ultimate facts in her Complaint as formulaic tracking of the statutory language or elements of the claim. Defendant then points to language in the *Twombly* and *Iqbal* cases which states that a complaint must contain more than a mere formulaic set of allegations tracking the elements of the claim.

17. However, Defendant ignores other language in the case law which is clear that a properly pleaded complaint may use the elements of the claim as a structure on which other facts may be laid to state a plausible claim. *Iqbal,* 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") Defendant also seems to ignore the holding and reasoning of the case it cites as instructive – *Tamayo v. Blagojavich*, 526 F.3d 1074 (7th Cir.2008).

18. Plaintiff submits that her Complaint sets forth sufficient particular facts, together with sufficient ultimate facts (as opposed to legal conclusions), organized around legal assertions, to plausibly state claims upon which relief may be granted and to give Defendant sufficient notice of the grounds for her claims for it to begin to investigate and prepare a defense.

19. One central issue raised by Defendant's Motion to Dismiss is whether the ultimate facts alleged by Plaintiff are sufficient grounds or "mere labels and conclusions" and "a formulaic recitation of a cause of action's elements".

20. The upper and lower bounds of this new pleading principle are set forth succinctly in the following quote from *Bissessur v. Indiana University Board of Trustees*, ___ F.3d. ___, 2009 WL 2902076 (7th Cir., Sept. 11, 2009):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff has the obligation to provide the factual "grounds" of his entitlement to relief (more than "mere labels and conclusions"), and a "formulaic recitation of a cause of action's elements will not do." *Id.* The complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Id.* at 557, 127 S.Ct. 1955; *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008).

21. We know that "detailed factual allegations" are not necessary. *Iqbal*, 129 S.Ct. at 1949. We know that "more than an unadorned, the – defendant-unlawfully-harmed-me accusation" is required. *Id*. We know that "a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* We know that "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* We know that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

22. So the question is: What constitutes the middle ground between "detailed factual allegations" or evidence, on one hand, and those not worthy of the assumption of truth on the other hand? A definition seems very elusive. The Supreme Court in *Iqbal* seems to say that the Court will know it when it sees it, when it applies its common sense and judicial experience.

23. Because this new iteration of the federal pleading standard is so

new, there are very few analogous cases to dissect and compare for purposes of analyzing Defendant's Motion to Dismiss.

24. However, in its Memorandum of Law, Defendant relies heavily upon *Tamayo v. Blagojavich,* 526 F.3d 1074 (7th Cir.2008) and states that this Seventh Circuit case is instructive. Plaintiff finds it a bit curious that Defendant relies on this case, because it reversed the trial court's dismissal of the plaintiff's discrimination and equal pay claims. Nevertheless, Plaintiff agrees with Defendant that *Tamayo* is instructive.

25. In attempting to decipher the difference between a properly alleged ultimate fact and a legal conclusion, the Court can turn to *Tamayo,* where the Seventh Circuit states:

> Acknowledging that a complaint must contain something more than a general recitation of the elements of the claim, however, we nevertheless reaffirmed the minimal pleading standard for simple claims of race or sex discrimination. *Concentra,* 496 F.3d at 781-82. Reaffirming our prior holdings in *Bennett,* 153 F.3d at 518, and *Kolupa,* 438 F.3d at 714, we noted:
>
> [O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim. Requiring a more detailed complaint in *Bennett* would have replicated the inefficient chase for facts decried in *Bennett* and *Dioguardi* [ *v. Durning,* 139 F.2d 774 (2nd Cir.1944)]. *Concentra,* 496 F.3d at 781-82. Even after *Bell Atlantic, Concentra* affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.
>
> Additionally, *Bell Atlantic*'s explicit praise of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings. The Court noted that a complaint of negligence in compliance with

Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic,* 127 S.Ct. at 1977; *see also Iqbal v. Hasty,* 490 F.3d 143, 156 (2d Cir.2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic,* 127 S.Ct. at 1977; *Iqbal,* 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

26.     Then the Seventh Circuit in *Tamayo* identified "facts" alleged in the plaintiff's complaint which were worthy of being accepted as true. These "facts" are the type of ultimate facts (drawn from the elements of the claim) that Plaintiff in the instant case has included in her Complaint. The *Tamayo* Court stated:

> With this precedent in mind, we conclude that Ms. Tamayo's complaint included enough facts in support of a claim of sex discrimination under Title VII and the Equal Pay Act to survive dismissal at this stage of the proceedings. She alleged that she is a female. R.76 at ¶ 4. She alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees. *Id.* at ¶¶ 16-21, 71-74. She stated her belief that she was paid less than the similarly situated male employees *both* "because she was a woman *and* because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." *Id.* at ¶ 34 (emphasis added). She further alleged that she "has been subjected to adverse employment actions by Defendants on account of her gender," *id.* at ¶ 83, and she listed specific adverse employment actions. She stated that "Defendants have treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff in the terms and conditions of her employment on account of Plaintiff's gender." *Id.* at ¶ 85. Finally, she stated that she filed two EEOC charges alleging sex discrimination and that she was issued a right-to-sue notice. *Id.* at ¶¶ 10-11. These facts certainly provide the defendants with sufficient notice to begin to investigate and

defend against her claim. As we explained in *Concentra,* it is difficult to see what more Ms. Tamayo could have alleged, without pleading evidence, to support her claim that she was discriminated against based-at least in part-on her sex.

27.  By the standard set forth and applied in *Tamayo,* Plaintiff has clearly alleged sufficient facts to give rise to plausible claims.

28.  Defendant argues that it needs additional facts in order to be able to begin investigating and preparing a defense against the claims. In particular, Defendant argues that it hasn't been provided with the name of the individual who was promoted over Plaintiff. Defendant argues that it hasn't been provided with the name of the individual who was paid more than Plaintiff. Defendant argues that it hasn't been provided with Plaintiff's salary and the salary of the male employee who allegedly made more than Plaintiff.

29.  Plaintiff respectfully submits that these are the types of factual details that the case law states is unnecessary. They are not necessary to make Plaintiff's claims "plausible." From a common sense perspective – as *Iqbal* states is to be used – how can it be said that Defendant is incapable of "beginning to investigate and prepare a defense" because it lacks these specific facts in the Complaint. How hard will it be for Defendant to obtain these facts from its own records, let alone in discovery? What if Plaintiff does not know or has forgotten the name of the individuals? What if Plaintiff does not know the exact salary paid to the individual? Does Defendant suggest that Plaintiff's claims should be barred if she does not have access, without the benefit of discovery, to these specific factual details? That doesn't make common sense,

and is entirely inconsistent with the whole notion of "notice" pleading. It suggests a higher pleading standard than exists where fact pleading is the rule. That type of heightened pleading standard was expressly rejected by *Twombly*.

30. In its Memorandum of Law, Defendant alleges that Plaintiff knows these facts – not that she ought to know these facts, but that she actually knows and is for some reason withholding these facts. How does Defendant know that?

31. Defendant takes issue with the Plaintiff's use of the phrase "adverse impact" instead of "disparate impact" in Count V. First, under the federal notice pleading scheme, Plaintiff is not required to plead its legal theory at all. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). So the fact that Plaintiff used the term "adverse" instead of "disparate" in stating the legal theory is immaterial to the sufficiency of Plaintiff's Complaint. Second, it is perfectly clear from the context of the Complaint read as a whole (i.e., Count IV is for "adverse treatment" and Count V is for "adverse impact") what Plaintiff's legal theory is in Count V – disparate treatment.

32. Defendant also argues that Plaintiff has failed to allege a facially neutral employment practice in Count V. Plaintiff has no obligation to plead all of the facts associated with her claim. *Bennett*, 153 F.3d at 518. This is not an essential fact to pleading a gender discrimination in pay claim. *Id.* Furthermore, this objection seems to conflict with Defendant's other objections about "conclusions" pleaded by Plaintiff.

33. Defendant's Memorandum of Law (page 10) misquotes one key

allegation of Plaintiff's Complaint.  Paragraph 6 of Central Facts of Plaintiff's Complaint states:  "On January 23, 2006, Plaintiff applied for a promotion to the position of Design Services Manager or Support Services Manager when the position came open and available."  It is clear from Plaintiff's Complaint that this was one position, not two.  The position was given alternate names by Defendant.  Defendant characterizes Plaintiff's complaint as stating that there were two positions.  That's false.  If there is any confusion here, it is because Defendant apparently couldn't figure out exactly what it was going to call the position in January of 2006.  Plaintiff has correctly identified the position she applied for.

34. These are the type of picayune criticisms that federal notice pleading is intended to avoid.  From a common sense perspective, Plaintiff's Complaint should be seen as stating plausible claims on each count and providing Defendant with sufficient notice to begin to investigate and prepare a defense.

35. Defendant cites *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 782 (7th Cir. 2007), in support of its argument that Plaintiff's retaliation claim in Count VI is insufficiently detailed regarding the nature of Plaintiff's prior allegation of discriminatory conduct.

36. In this regard, Plaintiff's Complaint at paragraph 5 of the Central Facts states:  "In January 2003, Plaintiff complained to Defendant's management about sex discrimination directed against her by her supervisor and thereby opposed said practices."  This gives the approximate date of the

report, the nature of the type of discrimination (sex) reported, the alleged perpetrator of the discrimination (her supervisor), the victim of the discrimination (Plaintiff), and that it was reported to a management employee of Defendant. This should be sufficient factual detail to allow Defendant to begin to investigate this report and this claim and prepare a defense by looking at its records and interviewing Plaintiff's supervisor at that time and interviewing its other management employees. This shouldn't be an overwhelming burden.

37.   The facts of the *Concentra* case distinguish it from the instant case. In *Concentra,* the Plaintiff alleged only that the employee "'opposed [a] practice made an unlawful employment practice' by Title VII." *Concentra,* 496 F.3d at 775. It did not even state the type of discrimination (i.e., race, gender, religion) complained of. By contrast, in *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998), the Seventh Circuit stated: "Because racial discrimination in employment is 'a claim upon which relief may be granted', this complaint could not be dismissed under R. 12(b)(6). 'I was turned down for a job because of my race' is all a complaint has to say." *Bennett* was expressly reaffirmed by the Seventh Circuit in the case cited by Defendant as "instructive" – *Tamayo v. Blagojavich.*

38.   Plaintiff believes that her Complaint provides Defendant fair notice, but failure to provide fair notice of the claim should not normally warrant dismissal *with prejudice*. If Plaintiff's Complaint is found wanting in one particular or another, Plaintiff should be given an opportunity to file an

amended complaint.  *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 782 (7th Cir. 2007) (*citing Redfield v. Cont'l Cas. Corp.,* 818 F.2d 596, 609-10 (7th Cir. 1987)).

39.    Defendant's Motion to Dismiss and Memorandum of Law prays for an award of attorneys fees without citation to any legal basis therefore.  No grounds exist for such an award in this context, and Defendant's prayer in that regard should be denied.

Wherefore, Plaintiff prays Defendant's Motion to Dismiss be denied, and in the alternative, if Plaintiff's Complaint or any count thereof is found insufficient, that Plaintiff be afforded the opportunity to file an amended complaint, and for such other and further relief as this Court deems just and reasonable.

          Respectfully submitted,

          /s/Daniel S. Alcorn
          _____
          One of Plaintiff's Attorneys

Daniel S. Alcorn
ARDC #6209425
ALCORN KARLIN
Attorneys for Plaintiff
313 E. Main Street
PO Box 1516
Galesburg, IL 61401
309-345-0000
309-345-0002 (fax)
dalcorn@alcornkarlin.com