**E-FILED**
Tuesday, 22 December, 2009 10:13:35 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Shana Wade, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09-CR-1225 |
| Morton Buildings, Inc., | ) ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues claims for gender discrimination and retaliation under Title VII, and state and federal claims for unequal pay. Defendant move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons below, the Court recommends that the motion be granted and the Complaint be dismissed without prejudice to refiling.

## Allegations

Plaintiff, a female, worked as a "Construction Estimator" for Defendant for about 10 years, from June 1, 1998 to June 24, 2008, when she voluntarily left. (Complaint p. 2 ¶ 1; p. 3 ¶ 2). "In January 2003, Plaintiff complained to Defendant's management about sex discrimination

directed against her by her supervisor and thereby opposed said practices." (Complaint p. 4 ¶ 5). Three years later, in January 2006, Plaintiff applied for a promotion to "Design Service Manager or Support Services Manager"[1], a position for which she was qualified. (Complaint, p. 4, ¶ 6). In June 2008, the promotion was given to a male less qualified than Plaintiff. "Plaintiff's sex, female, and Plaintiff's prior complaint of sex discrimination were motivating factors in Defendant's non-selection of Plaintiff for the position." (Complaint, p. 4, ¶ 12).

Additionally, "[o]n information and belief, for the duration of Plaintiff's employment with Defendant, Plaintiff was paid substantially less than a male employee, similarly situated, based solely on sex and retaliation for Plaintiff's prior opposition of unlawful gender discrimination practices at Defendant. . . ."

## Legal Standard on 12(b)(6) Motion to Dismiss

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual

---

[1] Defendant asserts that Plaintiff is not clear about which position she applied for, but Plaintiff contends that there was only one position with two different titles. (d/e p. 12 para. 33).

allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955. Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." Id. at 1951. Plaintiffs must do more than "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, . . . ." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

The Seventh Circuit recently summarized the notice pleading analysis in Brooks:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

78 F.3d at 581.

The application of the notice pleading standard is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009), *quoting* Iqbal, 129 S.Ct. at 1950. "In other words, the height of the pleading requirement is relative to circumstances." Id. ("plaintiff must meet a high standard of plausibility" for allegations of vast, encompassing conspiracy); Concentra, 496 F.3d at 782 ("the type of facts that must be alleged depend upon the legal contours of the claim").

**Analysis**

The parties agree on the legal standard discussed above, but disagree on the standard's application to the particular allegations in this case. Defendant contends that the allegations are conclusory, merely

recitations of the claims' elements with no underlying facts to support those conclusions. Counts I-III are federal and state claims under the respective equal pay acts; Counts IV-VI are Title VII claims for "adverse treatment," "adverse impact," and "reprisal for protected activity."

The Court first addresses Counts I-IV, which are based on allegations that a male employee was paid more than Plaintiff for equal work.

Plaintiff alleges:

> [D]ue to her gender, female, Plaintiff was, on information and belief, paid substantially less in wages that was a male employee at the same establishment who performed substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which jobs are performed under similar working conditions; . . .
> (Complaint, p. 3, Section C, ¶ 3)

> On information and belief, for the duration of Plaintiff's employment with Defendant, Plaintiff was paid substantially less than a male employee, similarly situated, based solely on sex and retaliation (for Plaintiff's prior opposition of unlawful gender discrimination practices at Defendant) and not on a seniority system, a merit system, a system which measures earning by quantity or quality of production, or any other factor other than sex.
> (Complaint, p. 4, ¶ 13).

Defendant argues that the allegations of unequal pay simply parrot the statutory elements of the Equal Pay Act. 29 U.S.C. § 206(d)(1) states that "[n]o employer . . . shall discriminate .. .. . between employees on the

basis of sex by paying wages . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort and responsibility . . . ."). see also Dey v. Colt Construction & Development Co., 28 F.3d 1446, 1461 (7th Cir. 1994)(prima facie showing under Section 206(d)(1) is that different wages were paid to opposite sex for "'equal work which requires equal skill, effort and responsibility; and the employees have similar working conditions.'")(quoted cite omitted).

Missing from Plaintiff's allegations are any facts about the alleged comparable employee's name, salary, position, or specific dates. Defendant contends that:

> The first five counts of the plaintiff's complaint allege nothing more specific than, plaintiff, a woman, has a hunch that the entire time she worked for the defendants she was paid less than "a man." She provides no names of men who were paid more, no salary information of any kind (including her own), and no dates.

(d/e 8, p. 5). Defendant fears that "anyone with a suspicion could plead these allegations" which would "subject the employer to an expensive and disruptive fishing expedition." (d/e 8, pp. 5-6).

Defendant is correct that the plaintiff in Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008) did provide more details. The Seventh Circuit in Tamayo found that the plaintiff had sufficiently stated Title VII and equal pay claims. The Court noted that the plaintiff had alleged that she was female and had "alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees." 526 F.3d at 1085. The Second Amended Complaint in Tamayo listed the names, positions, and specific salaries for the plaintiff's predecessors, and the names of a successor and a subordinate whom the plaintiff believed, on information and belief, had both been paid more than the plaintiff. Tamayo v. Blagojevich, 06-3151 (N.D. Ill.)(Second Amended Complaint, d/e 76, ¶¶ 17-20, 44, 65).

In the Court's view, Tamayo does not *require* that specific salaries, identities and job positions of similarly situated males be alleged to support an allegation of unequal pay. Tamayo found only that those allegations were sufficient, which is not surprising. The allegations in Tamayo gave enough detail to survive a motion to dismiss even after Iqbal, in the Court's opinion. The question is whether that kind of detail is *required* to support an allegation that a male employee was paid more for equal work.

Plaintiff correctly points out that Tamayo reaffirmed that sex discrimination can be pled generally. The Tamayo Court said that, even after Bell Atlantic, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." 526 F.3d at 1084 (*citing* Concentra, 496 F.3d 773 (7th Cir. 2007)).

Tamayo came down before the Supreme Court's decision in Iqbal, however. Iqbal made clear that the notice pleading standard announced in Bell Atlantic applies to "'all civil actions'", "antitrust and discrimination suits alike." 129 S.Ct. at 1953. Iqbal found that identifying an adverse action (in Iqbal, the designation of certain pretrial detainees as persons of high interest) and alleging generally that the adverse action constituted discrimination based on race, religion and national origin was not sufficient under Rule 8. 129 S.Ct. at 1954; s*ee also* Riley v. Vilsack, — F.Supp.2d —, 2009 WL 3416522 *10 (W.D. Wis. 2009)("after Iqbal, it is not enough to identify the discriminatory act and the characteristic that prompted the discrimination").

The Court feels confident that *specific* underlying facts are not required to support allegations of unequal pay, even after Iqbal. Brooks v.

Ross, 578 F.3d 574, 581 (7th Cir. 2009)(After Bell Atlantic, Supreme Court in Erickson v. Pardus, 551 U.S. 89 (2007) confirmed that notice pleading was still alive and that specific facts are not required). Requiring specific facts runs contrary to notice pleading and could preclude meritorious claims. For example, Plaintiff may not know what the comparable counterpart's salary is, particularly since Defendant is a private entity.[2] *See* Concentra, 496 F.3d at 780 (" a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim.").

On the other hand, a plaintiff's allegations that a male counterpart was paid more for equal work must be grounded in more than speculation. *See* Riley v. Vilsack, — F.Supp.2d —, 2009 WL 3416255 *10 (7th Cir. 2009) (comparing notice pleading standard to Rule 11's requirement that a plaintiff "conduct 'an inquiry reasonable under the circumstances' before filing a complaint so as to determine whether any claims are supported in law . . . ."). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. Plaintiff

---

[2]The salaries in Tamayo were presumably publicly available information, as the State was the employer in that case.

does not identify the name of the male, the position he held, how that position was comparable to hers, or the factual basis for her conclusion that he was paid more. Nor does she suggest that she is unable to provide any of that information.[3]

    In the Court's opinion, whether Plaintiff's allegations are enough is subject to reasonable debate. Both parties make good arguments. Reciting the general standards in Iqbal, Bell Atlantic and Seventh Circuit precedent is simple, but the application of those standards to the particular allegations here is not so simple. The difference between a "fact" and a "conclusion" is not always clear. What seems conclusory to some may not be to others. *See* Iqbal, 129 S.Ct. at 1961 (Justice Souter, dissent)("the majority's holding that the statements it selects are conclusory cannot be squared with its treatment of certain other allegations in the complaint as nonconclusory."). Here, Plaintiff's claim is simple: a male employee was paid more than she for equal work. It would be hard to state such a claim without being somewhat conclusory.

---

[3]Plaintiff asks rhetorically, what if she does not remember the names? She does not actually say that she does not remember. Nor does she assert that she is unable to plead additional detail.

On one hand, Plaintiff's allegations arguably do give notice of the claim, and discovery on the claim should be simple.  Defendant can flush out Plaintiff's knowledge with interrogatories and should already have its own records about salaries and job positions, including Plaintiff's salary.  If no comparable male employees exist who were paid more, Defendant should be able to easily discover this and file a relatively simple summary judgment motion.  This is not a complex claim as in <u>Bell</u> (antitrust) or <u>Limestone Dev. Corp. V. Village of Lemont</u>, 520 F.3d 797 (7th Cir. 2008)(RICO).  Nor is this case against the "highest level of the federal law enforcement hierarchy" such as <u>Iqbal</u>, or a claim that seems particularly implausible on its face, like the pro se allegations of vast conspiracy in <u>Brooks.</u>  Spending time trying to get the Complaint "right" may be just wasted time, given the claim's simplicity and Defendant's presumed possession of the relevant evidence.  *See* <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998)("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving.").

On the other hand, the notice provided by Plaintiff's allegations are arguably not *fair* notice under Rule 8.  *See* <u>Concentra</u>, 496 F.3d at n. 3 (the "opportunity to . . .prepare a defense might sound more like an easy-to-apply

yard stick until one realizes that neither standard can be taken literally. . . . [A] defendant can always begin to investigate and prepare a defense by serving a contention interrogatory on the plaintiff in discovery."). Plaintiff ought to know the position and general job duties held by the comparable male, even if she does not know his name or his exact salary. How else would she know that he was paid more for the same work? Why should Defendant have to conduct discovery to learn these most basic facts that Plaintiff presumably already knows? See Concentra, 496 F.3d at 780 ("A complaint should contain information that one *can* provide and that is clearly important; . . .").

Additionally, even if the allegations do give fair notice, fair notice is not enough under Rule 8. The claim must be plausible, too. Plausibility cannot be established with conclusory allegations because conclusory allegations are not entitled to the presumption of truth. Iqbal, 129 S.Ct. at 1951; Riley, — F.Supp.2d —, 2009 WL 3416255 *7.[4] Just because a claim is simple and easy to defend does not make it plausible. See Iqbal, 129 S.Ct. at 1953 ("We have held . . . that the question presented by a motion to dismiss a

---

[4]"In sum, *Twombly* and *Iqbal* establish two new principles of pleading in all cases: (1) 'fair notice' alone will not suffice; a complaint must be 'plausible' as well; and (2) a court may not accept 'conclusory' allegations as true." 2009 WL 3416255 * 7, *citing* Brooks v. Ross, 578 F.3d 574, 580-81 (7th Cir. 2009).

complaint for insufficient pleadings does not turn on the controls placed on the discovery process.")(*citing* Bell Atlantic); Smith v. Duffy, 576 F.3d 336, 340 (7th Cir. 2009)(in dicta, remarking that Iqbal appeared to extend Bell Atlantic to even simple cases involving minimal discovery, but also noting that Iqbal might be distinguishable because Iqbal dealt with qualified immunity of high ranking officials.").

After careful consideration, the Court concludes that Plaintiff's allegations are too conclusory to give Defendant fair notice of Counts I-V or to make those counts plausible.[5]

The allegations fail to give fair notice because they give Defendant no hint of the identity of the comparable male employee or his position. Defendant is left to guess which male employee Plaintiff believes was paid more for equal work. *See* Concentra, 496 F.3d at 780 ("A complaint should contain information that one *can* provide and that is clearly important; . . . .")(emphasis in original). Plaintiff does not necessarily need to identify specific names and salaries like in Tamayo. She does, though, need to provide *some* underlying facts to support her allegation that a male

---

[5]Count III is a claim under the Illinois Equal Pay Act based on the same allegations. Defendant moves to dismiss this claim for lack of supplemental jurisdiction (assuming the federal claims are dismissed).

counterpart was paid more for comparable work.  If she does not know the employee's name or salary, she should at least be able to say what position that employee held, during what period of time, and, generally (to Plaintiff's knowledge), what that employee's responsibilities were as compared to hers.  This would give Defendant sufficient notice of critical facts.[6]

Additionally, the allegations fail to state a plausible claim for relief because they are too conclusory.  Essentially, Plaintiff has alleged only that a male employee performed the same work for more pay.  That is essentially a recitation of the elements of an equal pay claim, a recitation not grounded in any underlying facts.  Without some description of the comparable male's position and duties, as compared to Plaintiff's duties, no inference of plausibility arises to support her conclusion that the work was equal.  More underlying facts are needed to "nudge[ ] [Plaintiff's] claims across the line from conceivable to plausible".  Bell Atlantic, 550 U.S. at 570.

Thus, Counts I-IV do not satisfy Fed. Rule Civ. P. 8.  That leaves Counts V and VI.  Count V is a Title VII claim for "sex discrimination [adverse impact]" based on the unequal pay.  Plaintiff alleges that the unequal pay

---

[6]In the Court's opinion, Plaintiff does not need to supply more factual detail to support her claim in Count II that Defendant's unequal pay was *willful*.  *See* Fed. R. Civ. P. 9(b)(intent may be alleged generally).  Count II should still be dismissed without prejudice, however, for the reasons discussed above.

"constituted a policy or practice which had an adverse and unlawful discriminatory impact on Plaintiff on because of her gender . . . ." (Complaint, Count V, ¶2).

Defendant contends that no disparate impact claim is pled because Count V fails to allege a neutral policy or practice. It is not clear, but Plaintiff seems to assert in her response that Count V is based on a theory of disparate treatment, not disparate impact. (d/e 9, p. 11).

"Disparate treatment, 'the most easily understood type of discrimination,' occurs when a plaintiff is intentionally treated less favorably than others simply because of his race, color, religion, sex, or national origin." Vitug v. Multistate Tax Com'n, 88 F.3d 506, 513 (7th Cir. 1996). In contrast, disparate impact means that "a specified employment practice, although neutral on its face, has a disproportionally negative effect on members of a legally protected class." Id.

As pled, Count V is either duplicative of Count IV or it is an insufficient attempt to make out a disparate impact claim. Count IV is already a disparate treatment claim based on Plaintiff's unequal pay. (Complaint, Count IV, ¶ 2 ("Defendant's unequal compensation . . . constituted intentional gender discrimination . . . . in the form of adverse treatment in the

terms and condition of [] employment . . ."). Count V is based on the same allegations of unequal pay as Count IV, so it is duplicative if it is a disparate treatment claim. If it is a disparate impact claim, Plaintiff fails to identify the neutral policy or practice that caused her to be paid less.

Count VI is under Title VII for retaliation. Plaintiff alleges that she was denied the promotion because of her "opposition to Defendant's unlawful discriminatory practices . . . ." (Complaint, p. 11, ¶ 2). That opposition was her complaint to "management" in January 2003 "about sex discrimination directed against her by her supervisor . . . ." (Complaint, p. 4, ¶ 5; d/e 9, pp. 12-13, ¶¶ 35-36).

Defendant contends that the allegation that Plaintiff complained about "sex discrimination" is a legal conclusion that is not supported by underlying facts. Defendant asserts that Plaintiff must reveal in her complaint the specific conduct of her supervisor about which she complained, rather than concluding simply that the conduct was sexual discrimination. Defendant cites Concentra, 496 F.3d 773 (7th Cir. 2007), in which the Court held that an amended complaint alleging that the plaintiff had "opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII . . . ." did not provide the required notice. 496 F.3d at 776. Instead,

the Court held that "a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." 496 F.3d at 781.

Unlike Concentra, Plaintiff does give a few specifics. She notified management in January 2003 that her supervisor had been sexually discriminating against her. Defendant should already know the identity of Plaintiff's supervisor in January 2003, and should have a record of Plaintiff's complaint to management that month if one was made.

Like the other counts, the proper application of the current notice pleading standard to Count VI can be reasonably debated, in the Court's opinion. However, also like the other counts, the Court concludes that Plaintiff's description of her protected activity is not sufficient under Rule 8. It does not give Defendant fair notice of the conduct she opposed, and her conclusory allegation that the conduct she opposed was sexual discrimination is not entitled to a presumption of truth in the Court's view. "Sexual discrimination" covers a wide range of misconduct, and what Plaintiff believes was sexual discrimination under Title VII may not have been. There is no indication that Plaintiff is intentionally obfuscating as in Concentra, but Plaintiff knows what she complained about in January 2003. Divulging this

information would give notice of the facts underlying her conclusion that she was reporting sexual discrimination, and perhaps make that conclusion plausible. Alleging sufficient underlying facts should not be difficult, as Plaintiff personally experienced them. Concentra, 496 F.3d at 781 ("Even a description in very general terms . . . 'Horn complained that Concentra supervisors were subjecting female employees to a hostile work environment,' or some similar phrase")[7].

In sum, the Court concludes that Plaintiff has not met the notice pleading standards as described in Iqbal and its Seventh Circuit progeny. However, Plaintiff should be given an opportunity to file an amended complaint that meets those standards. Concentra, 496 F.3d at 782 (lack of "fair notice should not normally warrant a dismissal with prejudice)(emphasis omitted).

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted (d/e 7). The Court recommends that Plaintiff's Complaint be dismissed without prejudice to filing an Amended Complaint. The Court recommends that Defendant's request for costs and attorney fees

---

[7]The term "hostile work environment" might also be seen as conclusory under Iqbal, which came down after Concentra. The Court gives it only as a possible example, but makes no recommendation on whether it would actually be sufficient under Iqbal and progeny.

be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: December 22, 2009

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE