E-FILED
Tuesday, 09 February, 2010  01:03:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHANA WADE, | ] |
| Plaintiff, | ] |
| vs. | ] No. 09-CV-1225 |
| MORTON BUILDINGS, INC. | ] Judge Michael M. Mihm |
| Defendant. | ] |

## AMENDED COMPLAINT

Plaintiff, Shana Wade, by her attorneys, ALCORN KARLIN LLC, complains of Defendant, Morton Buildings, Inc., as follows:

### COMMON COUNT

### A.  Jurisdiction.

1.    This court's subject matter jurisdiction of Counts 1, 2, 4, 5 and 6 is founded on federal question jurisdiction under 28 U.S.C. Section 1331, in that Plaintiff's case arises under the laws of the United States, including the Equal Pay Act, 29 U.S.C. Section 206(d)(1); the Fair Labor Standards Act, 29 U.S.C. Sections 215(a)(3) and 216(b); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a)(1).    This Court has jurisdiction under 28 U.S.C. Section 1343(4) as well.

2.    This court's subject matter jurisdiction of the state law count, Count 3, is founded on supplemental jurisdiction under 28 U.S.C. Section

- 1 -

1367(a), in that said count is so closely related to Plaintiff's claims in this action within this court's original federal jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

3.     Venue of this action is proper in this District and in this Division, pursuant to CD-IL Local Rule 40.1(f).

## B.  The Parties.

1.     Plaintiff, Shana Wade, is a white, female resident of Galesburg, Knox County, Illinois, and was employed by Defendant at its Morton, Tazewell County, Illinois facility, from June 1, 1998 until she voluntarily terminated her employment on June 24, 2008.

2.     Defendant, Morton Buildings, Inc, is a corporation engaged in the manufacture and construction of steel buildings in Tazewell County, Illinois, among other geographical areas.

3.     At all material times, Defendant has been engaged in an industry affecting commerce; has employed fifteen or more employees, and has been an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-(b).

4.     At all material times, Defendant was an employer with employees subject to the provisions of the federal Equal Pay Act, Section 203 of the Fair Labor Standards Act, 29 U.S.C. Section 203.

5.     At all material times, Defendant was an employer as defined by the Illinois Equal Pay Act, 820 ILCS 112/5.

- 2 -

### C.  General Nature of the Unlawful Discrimination.

1,     During the course of Plaintiff's employment with Defendant, Plaintiff was discriminated against by Defendant in the terms of Plaintiff's employment with Defendant.

2.     Due in part to her gender, female, and in part to her prior opposition of illegal discrimination practices by Defendant, Plaintiff was denied a promotion for which she applied and for which she was the most qualified candidate.

3.     Additionally, due to her gender, female, Plaintiff was, on information and belief, paid substantially less in wages than was a male employee at the same establishment who performed substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which jobs are performed under similar working conditions.

### D.  Central Facts.

1.     Plaintiff was employed by Defendant in Morton in June of 1998, and she remained an employee of Defendant until June 24, 2008, when Plaintiff voluntarily terminated her employment.

2.     Plaintiff has at all material times held the position of Construction Estimator until March of 2007 when Plaintiff accepted a position with the Acceptance and Compliance Team.

3.     Plaintiff was at all times performing her job satisfactorily and meeting the requirements and expectations of Defendant.

- 3 -

4.     In January 2003, Plaintiff complained to Defendant's management about sex discrimination directed against her by her supervisor, Robert Stash, and thereby opposed said practices; and more particularly Plaintiff complained that her supervisor had loudly questioned, in front of her male colleagues, whether the fact that Plaintiff had for that one month been the lowest ranking construction estimator for purposes of commissions was due to the fact that she was the only female employee; and Robert Stash was demoted by Defendant as the result of his comment to the position of standard estimator.

5.     In May, 2008, Plaintiff applied for a promotion to the position of Project Manager when the position came open and available.

6.     Defendant employed no females as project managers for the duration Plaintiff worked there.

7.     Plaintiff was qualified for the position sought.

8.     Plaintiff was not selected for the position sought.

9.     Defendant selected a male, Timothy Duffy, for the position in June 2008.

10.    The male employee selected was less qualified for the position than was Plaintiff, in that he had significantly less experience as a construction estimator.

11.    Plaintiff's sex, female, and Plaintiff's prior complaint of sex discrimination were motivating factors in Defendant's non-selection of Plaintiff for the position.

- 4 -

12.     For the duration of Plaintiff's employment with Defendant, Plaintiff was paid substantially less than a male employee, similarly situated, based solely on sex and retaliation (for Plaintiff's prior opposition of unlawful gender discrimination practices at Defendant) and not on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other factor other than sex.

13.     Plaintiff was informed by a team leader, Blake Fitzgerald, in January, 2008, that several male Construction Estimators who had been on the job with Defendant for less time than Plaintiff were currently being paid $5,000 to $10,000 per year more in base salary than was Plaintiff; but Plaintiff does not know the names of the individuals.

<u>F.  Plaintiff's Right to file Civil Action.</u>

1.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 12, 2009, and cross-filed the charge with the Illinois Department of Human Rights ("IDHR") on or about April 2, 2009.

2.     IDHR has not taken action for over sixty days since filing with IDHR.

3.     EEOC has provided Plaintiff a notice of her right to sue dated March 30, 2009.  (See Exhibit A attached hereto).

4.     Less than ninety days have elapsed since Plaintiff's receipt of the right to sue letter.

- 5 -

5.    Plaintiff has the right to file an action based upon her Title VII claims in district court, having exhausted her administrative remedies.

6.    Plaintiff need not first pursue any administrative remedies before pursuing her federal and state Equal Pay Act and Fair Labor Standards Act claims in this court.

G.  Damages.

1.    As a proximate result of the aforementioned employment discrimination by Defendant, Plaintiff has suffered and will continue to suffer damages, despite her attempts to mitigate same, in the form of lost earnings and benefits, emotional distress, humiliation, mental anguish, embarrassment, and other damages.

2.    Furthermore, as a result of the aforementioned employment discrimination by Defendant, Plaintiff has employed attorneys to investigate and prosecute this action and has, therefore, become obligated for reasonable legal fees and costs.

**COUNT I**

**(FLSA Equal Pay Act - Unequal Wages)**

1.    Plaintiff repeats the allegations of the Common Count as paragraph 1 of Count I of this Complaint.

2.    Defendant's unequal compensation paid to Plaintiff constitutes a violation of the federal Equal Pay Act, Section 206(d) of the Fair Labor Standards Act.

- 6 -

Wherefore, Plaintiff demands judgment in her favor and against Defendant for the following relief:

1.      A permanent injunction against Defendant, its supervisors, employees, and agents ordering them to cease and desist from engaging in the discriminatory practices described above;

2.      An award to Plaintiff of damages including, but not limited to back pay, and other compensatory damages sufficient to compensate Plaintiff for the unequal pay and her other damages;

3.      An award to Plaintiff of her costs, disbursements and reasonable attorneys' fees;

4.      An award of prejudgment and postjudgment interest on the damages award; and

5.      Such other and further relief as this Court deems just and reasonable.

## COUNT II

### (Equal Pay Act - Unequal Wages – Willful)

1.      Plaintiff repeats the allegations of the Common Count as paragraph 1 of Count II of this Complaint.

2.      Defendant's conduct in paying Plaintiff differential wages was willful in that Defendant knew, or was indifferent to whether, its actions violated the federal Equal Pay Act, Section 206(d) of the Fair Labor Standards Act.

3.      Defendant's unequal compensation paid to Plaintiff constitutes a violation of the federal Equal Pay Act.

- 7 -

Wherefore, Plaintiff demands judgment in her favor and against Defendant for the following relief:

1.    A permanent injunction against Defendant, its supervisors, employees, and agents ordering them to cease and desist from engaging in the discriminatory practices described above;

2.    An award to Plaintiff of damages including, but not limited to back pay, and other compensatory damages sufficient to compensate Plaintiff for the unequal pay and her other damages;

3.    An award to Plaintiff of her costs, disbursements and reasonable attorneys' fees;

4.    An award to Plaintiff of liquidated damages in the maximum amount allowed by law in order to deter conduct of this nature by Defendant in the future;

5.    An award of prejudgment and postjudgment interest on the damages award; and

6.    Such other and further relief as this Court deems just and reasonable.

## COUNT III

### (Unequal Wages – Illinois Equal Pay Act)

1.    Plaintiff repeats the allegations of the Common Count as paragraph 1 of Count III of this Complaint.

2.    Defendant's unequal compensation paid to Plaintiff constitutes a violation of the Illinois Equal Pay Act, 820 ILCS 112/10.

Wherefore, Plaintiff demands judgment in her favor and against Defendant for the following relief:

1.    A permanent injunction against Defendant, its supervisors, employees, and agents ordering them to cease and desist from engaging in the discriminatory practices described above;

2.      An award to Plaintiff of damages including, but not limited to back pay, and other compensatory damages sufficient to compensate Plaintiff for the unequal pay and her other damages and an award of liquidated damages;

3.      An award to Plaintiff of her costs, disbursements and reasonable attorneys' fees;

4.      An award of prejudgment and postjudgment interest on the damages award; and

5.      Such other and further relief as this Court deems just and reasonable.

## COUNT IV

### (Title VII - sex discrimination)

1.      Plaintiff repeats the allegations of the Common Count as paragraph 1 of this Count IV.

2. Defendant's unequal compensation paid to Plaintiff constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, in that it constituted intentional gender discrimination against Plaintiff in the form of adverse treatment in the terms and conditions of her employment, namely pay.

Wherefore, Plaintiff demands judgment in her favor and against the Defendant for the following relief:

1.      A permanent injunction against Defendant, its supervisors, employees, and agents ordering them to cease and desist from engaging in the discriminatory practices described above;

2.      An award to Plaintiff of damages including, but not limited to back pay, and other compensatory damages sufficient to compensate Plaintiff for the unequal pay and her other damages;

- 9 -

3.      An award to Plaintiff of her costs, disbursements and reasonable attorneys' fees;

4.      An award to Plaintiff of punitive or exemplary damages in the maximum amount allowed by law in order to deter conduct of this nature by Defendant in the future;

5.      An award of prejudgment and postjudgment interest on the damages award; and

6.      Such other and further relief as this Court deems just and reasonable.

## COUNT V

## (Title VII - Reprisal for Protected Activity)

1.      Plaintiff repeats the allegations of the Common Count as paragraph 1 of this Count V.

2.      Defendant's actions in denying Plaintiff a promotion constitute retaliation and reprisal against Plaintiff by Defendant for Plaintiff's opposition to Defendant's unlawful discriminatory practices and constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

Wherefore, Plaintiff demands judgment in her favor and against the Defendant for the following relief:

1.      A permanent injunction against Defendant, its supervisors, employees, and agents ordering them to cease and desist from engaging in the discriminatory practices described above;

2.      An award to Plaintiff of damages including, but not limited to back pay, and other compensatory damages sufficient to compensate Plaintiff for the unequal pay and her other damages;

3.      An award to Plaintiff of her costs, disbursements and reasonable attorneys' fees;

- 10 -

4.     An award to Plaintiff of punitive or exemplary damages in the maximum amount allowed by law in order to deter conduct of this nature by Defendant in the future;

5.     An award of prejudgment and postjudgment interest on the damages award; and

6.     Such other and further relief as this Court deems just and reasonable.


SHANA WADE,
Plaintiff


By:___/s/ Daniel S. Alcorn_____
        One of Plaintiff's Attorneys


## JURY DEMAND

Plaintiff demands trial by jury of all issues properly triable thereto.


_____/s/ Daniel S. Alcorn_____
        One of Plaintiff's Attorneys


DANIEL S. ALCORN (ARDC Reg. #06209425) of
ALCORN KARLIN LLC
313 E. Main Street
P.O. Box 1516
Galesburg, IL 61402-1516
Telephone:  309/345-0000
Telefax:    309/345-0002
dalcorn@alcornkarlin.com

- 11 -

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on February 9, 2010, I electronically filed the Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

L. Lee Smith
Attorney for Defendant
Hinshaw & Culbertson LLP
416 Main Street, 6th Floor
Peoria, IL 61602

/s/Daniel S. Alcorn
One of Plaintiff's Attorneys

- 12 -